Filed
6/1/2022 12:28 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2022CCV-60620-4 _____

| | | |
|---|---|---|
| DEBRA TROSPER | § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NUMBER \_\_\_\_ |
| CORPUS CHRISTI RETAIL VENTURE LP AND SCHINDLER ELEVATOR CORPORATION | § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, DEBRA TROSPER, complaining of Defendants, CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION, and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

Plaintiff, DEBRA TROSPER, is an individual who resides in Nueces County, Texas.

Defendant, CORPUS CHRISTI RETAIL VENTURE LP, is a foreign entity doing business in the State of Texas, who may be served by and through its REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO at 211 E 7TH STREET, SUITE 620, AUSTIN, TX 78701. Plaintiff



EXHIBIT A

requests service by certified mail, return receipt requested.

Defendant, SCHINDLER ELEVATOR CORPORATION, is a foreign entity doing business in the State of Texas, who may be served by and through its REGISTERED AGENT, C T CORP SYSTEM at 1999 BRYAN ST., STE 900, DALLAS, TX 75201. Plaintiff requests service by certified mail, return receipt requested.

### III.
### JURISDICTION

The court has jurisdiction over the lawsuit because the amount in controversy exceeds this courts minimum jurisdictional requirements.

### IV.
### VENUE

Venue is proper in Nueces County, Texas under Texas Civil Practice & Remedies Code ' 15.002 because all or a substantial part of the events or omissions occurred in Nueces County, Texas.

### V.
### FACTS

On or about MARCH 15, 2022, Plaintiff, DEBRA TROSPER, was a customer at LA PALMERA-CORPUS CHRISTI, located at 5488 SOUTH PADRE ISLAND DR., CORPUS CHRISTI, TX 78411. Plaintiff was riding when she went down on the moving steps and was repeatedly struck and beat around all parts of her body as the injury- causing escalator was unable to be turned off, resulting in and leaving

Plaintiff with extremely serious and permanent injuries.

## VI.
## PREMISES LIABILITY

Defendant CORPUS CHRISTI RETAIL VENTURE LP was the owner and/or in possession of the premises at the time of the incident made the basis of this lawsuit. Plaintiff entered Defendant's CORPUS CHRISTI RETAIL VENTURE LP premises with Defendant's CORPUS CHRISTI RETAIL VENTURE LP knowledge and for their mutual benefit. Defendant SCHINDLER ELEVATOR CORPORATION installed and maintained the escalator in question. A condition on Defendant's CORPUS CHRISTI RETAIL VENTURE LP premises posed an unreasonable risk of harm. Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION and Defendants' CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION employees knew or reasonably should have known of the dangerous condition. Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION had been given notice of the condition and failed to correct the dangerous condition.

## VII.
## NEGLIGENCE

Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to

inspect and the duty to warn or to cure. Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION breached the duty of ordinary care by failing to inspect, post warnings or otherwise notify others in the general area of the dangerous condition posed.

Defendant's CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION breach of duty proximately caused injury to Plaintiff, which resulted in the following damages: (1) physical pain in the past and future; (2) mental anguish in the past and future; (3) disfigurement in the past and future; (4) physical impairment in the past and future; (5) medical expenses in the past and future; and, (6) loss of earning capacity in the past and future.

Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

Plaintiff's injury resulted from Defendant's CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION gross negligence, malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code 41.003(a).

## VIII.
## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff

contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IX.
## GROSS NEGLIGENCE

Alternatively, and without waiving the foregoing, Plaintiff would show the Court and jury that Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION conduct described herein constitutes gross negligence as defined in Tex. Civ. P. & Rem. Code § 41.001 (11) (A) & (B). As a result of such gross negligence of Defendant CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION, Plaintiff is entitled to recover exemplary damages.

Defendant CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION had a duty to exercise ordinary care in allowing guests to enter and travel their store.

Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION breach of duty proximately caused injury to Plaintiff, which resulted in the following damages: (1) physical pain in the past and future; (2) mental anguish in the past and future; (3) disfigurement in the past and future; (4) physical impairment in the past and future; (5) medical expenses in the past and future; and (6) loss of earning capacity in the future.

Plaintiff's injuries resulted from Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a) not to exceed ten (10) times Plaintiffs' actual damages.

## X.
## RESPONDEAT SUPERIOR

Defendant CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION are responsible to Plaintiff in damages for each and every negligent act and/or omission of Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION employees under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION employee were in charge of installing, maintaining and operating the escalator in question all within in the course and scope of their employment. Defendants CORPUS CHRISTI RETAIL VENTURE LP and SCHINDLER ELEVATOR CORPORATION were also negligent in one or more of the following respects:

a. negligent hiring and supervision;

b. negligent training and supervision;

c. negligent retention;

d.  failing to follow industry standards with the maintenance and upkeep of all mechanically operated enter/exit doors.

## XI.
## JURY DEMAND

Plaintiff demands a jury trial.

### DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com and rkubik@ccatriallaw.com. As such, these are the ONLY electronic email addresses and undersigned counsel does NOT accept service through any other email address but requests a copy of all electronically served documents and notices, filed and unfiled be sent to scarrigan@ccatriallaw.com or danderson@ccatriallaw.com.

### PRAYER

For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

A.  Actual damages;

B.  Exemplary damages;

C.  Prejudgment and post-judgment interest;

D.  Court costs; and,

E. Pursuant to Rule 47, Plaintiff DEBRA TROSPER, seeks damages of more than $250,000.00 but not more than $1,000,000.00

F. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**CARRIGAN & ANDERSON, P.L.L.C.**

By: /s/Stephen P. Carrigan
**Stephen P. Carrigan**
State Bar No. 03877000
**David M. Anderson**
State Bar No. 24064815
101 N. Shoreline Blvd. Ste. 420
Corpus Christi, TX 78401
361-884-4433
361-884-4434 (Facsimile)
Email: scarrigan@ccatriallaw.com
Email: anderson@ccatriallaw.com
Legal Assistant: rkubik@ccatriallaw.com
Legal Assistant: wwatson@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFF**